IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IVAN SHKROBUT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 8051 |
| | ) |
| THE CITY OF CHICAGO, POLICE | ) Wayne R. Andersen |
| OFFICER ALVARADO, Star 8558, | ) District Judge |
| POLICE OFFICER APACIBLE, Star | ) |
| 12730, and UNKNOWN CHICAGO | ) |
| POLICE OFFICERS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

On March 9, 2005, the Defendants filed a Joint Motion to Dismiss with respect to the false arrest claim of Count One and the entirety of Counts Two, Three, and Four of the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Defendants' motion to dismiss is granted.

## STANDARD OF LAW

The purpose of a motion to dismiss is to test the sufficiency of the complaint and not to decide the merits of the challenged claims. Weiler v. Household Fin. Corp., 101 F.3d 519, 524, n. 1 (7th Cir. 1996). When reviewing a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Szumny v. Am. Gen. Fin., Inc., 246 F.3d 1065, 1067 (7th Cir. 2001). Dismissal is only proper when it appears beyond a doubt that plaintiff can prove no set of facts to support the allegations set forth in the claim that would entitle her to relief. Hernandez v. City of Goshen, 324 F.3d 535, 537 (7th Cir. 2003).

## BACKGROUND

On December 19, 2003, plaintiff Ivan Shkrobut visited a McDonald's fast food restaurant near Damen and Chicago Avenue in Chicago, Illinois to eat and meet a friend. (Pl. Complaint, ¶ 11.) Mr. Shkrobut is a Ukrainian immigrant who is self-employed as a construction contractor. (Pl. Complaint, ¶ 10.) Mr. Shkrobut's construction office is across the street from the McDonald's, and after dining with his friend in the restaurant, Mr. Shkrobut walked across the street to retrieve some files from his office before going home. (Pl. Complaint, ¶ 12.)

Approximately ten minutes after leaving the McDonald's to visit his office, Mr. Shkrobut returned to the McDonald's parking lot to retrieve his car and discovered that a "boot" was in the process of being placed on his vehicle. (Pl. Complaint, ¶ 14.) He was also advised that a tow truck was going to tow his car. (Pl. Complaint, ¶ 14.) Mr. Shkrobut protested, and prior to the complete attachment of the boot to Mr. Shkrobut's car, he demanded that his car be released. (Pl. Complaint, ¶ 14.)

A McDonald's agent refused to stop placing the boot on Mr. Shkrobut's car and refused to release his car. (Pl. Complaint, ¶ 14.) McDonald's agents then telephoned the police, and Officers Alvarado and Apacible arrived on the scene (Pl. Complaint, ¶ 14.) Officers Alvarado and Apacible refused to order Mr. Shkrobut's car released and placed Mr. Shkrobut under arrest. (Pl. Complaint, ¶ 20.) Mr. Shkrobut alleges that the officers used excessive force and violence during the arrest and caused him severe injuries. (Pl. Complaint, ¶ 24.)

Mr. Shkrobut filed a complaint on December 13, 2004, against the City of Chicago, Police Officer Alvarado (Star 8558), Police Officer Apacible (Star 12730), and Unknown Chicago Police Officers claiming violation of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1988. He also made state law claims of malicious prosecution and assault and battery against

defendants in violation of rights guaranteed under the Illinois Constitution.

The defendants filed a joint motion on December 13, 2004, seeking to dismiss the false arrest claim alleged in Count One and the entirety of the claims made in Counts Two, Three, and Four against both the defendant officers and the City of Chicago. Defendants also moved to continue the time to answer the remaining counts until after the Court has decided upon the motion to dismiss.

## DISCUSSION

I.  Counts One, Two and Three

The plaintiff's first three counts allege violation of the plaintiff's civil rights pursuant to 42 U.S.C. §§ 1983 and 1988. In Count One, the plaintiff alleges false arrest and unreasonable use of force against all defendants. In Count Two, the plaintiff alleges false imprisonment against all defendants. In Count Three, the plaintiff alleges malicious prosecution against all defendants. This Court will first address the defendants' motion to dismiss with respect to the false arrest claim of Count One and the entirety of Counts Two and Three, as all three are governed by the same law.

The plaintiff's claims in Counts One, Two and Three are governed by 42 U.S.C. § 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

To prevail on a claim pursuant to § 1983, the plaintiff must show that he (1) "held a constitutionally protected right;" (2) was "deprived of this right in violation of the Constitution;"

3

(3) "defendant intentionally caused this deprivation;" and (4) "defendant acted under color of law." Donald v. Polk County, 836 F.2d 376, 379 (7th Cir. 1988).

The original criminal charges filed against the plaintiff which form the basis of his § 1983 claims are two counts of assault to civilian complainants and two separate counts of battery to police officers. (Def. Joint Motion to Dismiss, Exhibit C.) In the plaintiff's criminal proceedings, Counts One and Two for assault were stricken without leave, Count Three for battery was amended to disorderly conduct, and Count Four for battery was entered *nolle prosecui*. (Def. Joint Motion to Dismiss, Exhibit B, p. 2.) The plaintiff then pled guilty to disorderly conduct on February 10, 2004. (Def. Joint Motion to Dismiss, Exhibits B, p. 2.)

The Seventh Circuit has held that the existence of probable cause for arrest is an absolute bar to a § 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution. Smith v. City of Chicago, 913 F.2d 469, 473 (7th Cir. 1990). *See also* Mark v. Furay, 769 F.2d 1266, 1268-69 (7th Cir. 1985); Terket v. Lund, 623 F.2d 29, 31 (7th Cir. 1980). A criminal conviction based upon a guilty plea conclusively establishes for purposes of a subsequent civil proceeding that the defendant engaged in the criminal act for which he was convicted. Appley v. West, 832 F.2d 1021,1026 (7th Cir. 1987). Moreover, a criminal conviction based upon a guilty plea is conclusive as to the underlying facts of the plea. Appley, 832 F.2d at 1026.

Both the original "battery of a police officer" charge and the amended disorderly conduct charge to which the plaintiff pled guilty arose out of the same incidents of December 19, 2003. (Def. Joint Motion to Dismiss, Exhibits C, D and E.) The transcript of the criminal proceedings states that the complaining witness in court was an "officer" and the plaintiff did not contest probable cause during any the criminal proceedings. (Def. Joint Motion to Dismiss, Exhibit B.) The plaintiff's underlying criminal charges, assault to civilian complainants and battery to police

4

officers, are crimes such that "proof of the crime is *ipso facto* proof of probable cause" because "the conviction is premised entirely on the testimony of the arresting officer concerning his observations." Patterson v. Leyden, 947 F.Supp. 1211, 1217 (N. D. Ill.1996). Thus, the "evidence that produced the conviction [in Plaintiff's criminal case] was the testimony of the eyewitness-arresting officer; there was no difference between the evidence used to determine probable cause and that used to determine guilt." Lang v. City of Round Lake Park, 87 F.Supp.2d 836, 844-45 (N. D. Ill. 2000) (citing Currier v. Baldridge, 914 F.2d 993 (7th Cir. 1990)).

The plaintiff claims that, even if his guilty plea to disorderly conduct demonstrates that probable cause existed for the arrest for that charge, it does not follow that probable cause existed for the original underlying criminal charges. However, the Court notes that in § 1983 actions for false arrest, probable cause need not have existed for the charge for which the plaintiff was arrested, so long as probable cause existed for arrest on a closely related charge. Biddle v. Martin, 992 F.2d 673, 676 (7th Cir. 1993). Since probable cause for the plaintiff's disorderly conduct arrest was demonstrated by his plea of guilt, probable cause also existed for the other underlying criminal charges.

Accordingly, the plaintiff is barred from bringing any § 1983 claims for false arrest, false imprisonment, and malicious prosecution. The defendants' motion to dismiss is granted with respect to the false arrest claim of Count One and the entirety of Counts Two (false imprisonment) and Three (malicious prosecution) against the defendant officers and the City of Chicago.

II.    Count Four

In Count Four, the plaintiff brings a claim of malicious prosecution against all defendants

in violation of Illinois law. To make a claim for malicious prosecution in Illinois, the plaintiff must allege that: (1) Defendants instituted or continued the underlying suit maliciously and without probable cause; (2) the action terminated favorably to him; and (3) he suffered some special injury beyond the usual expense, time and annoyance of defending himself. Bergstrom v. McSweeney, 294 F.Supp.2d 961 (N. D. Ill. 2003). Each of these elements must be present to bring a claim for malicious prosecution. Freides v. Sani-Mode Mfg. Co., 211 N.E.2d 286, 288 (Ill. 1965).

The defendants argue that because Plaintiff pled guilty to disorderly conduct and was sentenced to six months supervision and five days of SWAP, the plaintiff has failed to establish that the original criminal proceeding terminated in his favor. The plaintiff claims that the charges for which he was arrested were terminated in his favor on February 10, 2004. Even when viewing the allegations liberally in the light most favorable to the plaintiff, it is clear that the criminal proceedings did not terminate in the plaintiff's favor. A malicious prosecution plaintiff must allege that the charges were abandoned or withdrawn for reasons consistent with his innocence. Green v. Delatorre, 2001 WL 630714 *3 (N. D. Ill. 2001) (citing Swick v. Liataud, 169 Ill.2d 504, 215 Ill.Dec. 98, 102, 662 N.E.2d 1238, 1242 (1996)). Yet Plaintiff pled guilty on February 10, 2004 to disorderly conduct and has not alleged that the charges against him were withdrawn for reasons consistent with his innocence. (Def. Joint Motion to Dismiss, ¶ 4). The plaintiff thus cannot state a claim for malicious prosecution under Illinois law and the defendants' Motion to Dismiss with respect to Count Four against the defendant officers and the City of Chicago is granted.

III.     Remaining Counts

In Count One, the plaintiff also alleges unreasonable use of force against all defendants.

The defendants moved to continue the time to answer this count until after the Court has decided upon the motion to dismiss. The defendants are granted until November 10, 2005 to respond to the unreasonable use of force claim in Count One.

In Count Five, the plaintiff alleges assault and battery against all defendants. The defendants also moved to continue the time to answer this count until after the Court has decided upon the motion to dismiss. The defendants are granted until November 10, 2005 to respond to the assault and battery claim in Count Five.

## **CONCLUSION**

The defendants' joint motion to dismiss is granted with respect to false arrest claim of Count One and the entirety of Counts Two, Three, and Four against both the defendant officers and the City of Chicago. The defendants are granted until November 10, 2005 to respond to the remaining counts.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: October 24, 2005